UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER A. GIANOPOULOS, JR.<br>Plaintiff | *<br>*<br>* |
| V | *   Civil Action NO._____<br>* |
| BERNARD "BERNIE" MARCUS,<br>ARTHUR BLANK, KENNETH<br>LANGONE, PATRICK FARRAH<br>ROBERT "BOB", NARDELLI,<br>HOME DEPOT, USA, INC., G.A.B.<br>ROBBINS, a/k/a G.A.B. ROBBINS<br>HOME DEPOT RISK MANAGEMENT<br>DEPARTMENT, G.A.B. ROBBINS G.L.<br>UNIT, G.A.B. ROBBINS, INC., G.A.B.<br>ROBBINS NORTH AMERICA, INC.<br>and RICHARD H. SADOWSKI,<br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

1. **INTRODUCTION:**

    This Civil Action seeks compensatory and punitive damages against Defendants for their conduct as more particularly appears below in Counts I through Count V.

2.  This court has jurisdiction in this diversity of citizenship litigation pursuant to 28 U.S.C. ss1332. and ss1343.

3.  Plaintiff, Peter A. Gianopoulos, Jr. is a resident of the North Attleboro, County of Bristol, Massachusetts, with a mailing address @ P.O. Box 3754, South Attleboro, Massachusetts, 02703.

4.  Defendants Bernard Marcus, Arthur Blank, Kenneth Langone, Patrick Farrah are founders, past and/or current Chairman, and members of the Board Of Directors of Defendant Home Depot, USA, Inc.. Defendant Robert "Bob" Nardelli, is CEO of

(1)

Defendant Home Depot, USA, Inc. a publicly held stock company. Defendants Marcus, Blank, Langone, Farrah, Nardelli, Home Depot, USA, Inc., and Defendant G.A.B. Robbins, a/k/a G.A.B. Robbins Home Depot Risk Management Department, G.A.B. Robbins G.L. Unit, G.A.B. Robbins Inc., and G.A.B. Robbins North America, Inc., "G.A.B. Robbins, et als", are incorporated in, and/or residents of the state of Georgia, and not residents of Massachusetts, with a last known address, and usual place of business @ 2455 Paces Ferry Road, N.W. Atlanta, Georgia, 30339-4024

5. Defendant Richard H. Sadowski, Esq. was counsel of record for the defendants Home Depot, USA, Inc. and G.A.B. Robbins, et als, and has a usual place of business @ 11 Vanderbilt Avenue, Norwood, County Of Norfolk, Massachusetts, 02062-5056.

### BRIEF

6. Plaintiff restates, realleges and incorporates by reference herein number 1 through 5 above, further stating, on June 21, 1999, Plaintiff filed a civil action against defendant Home Depot USA, Inc. in the Bristol County Superior Court @ Taunton, Massachusetts, for damages occasioned by defendants employee Robert Minda, a/k/a "Minta ", negligent operation of a fork lift on July 15, 1997 on defendants premises @ 1100 Newport Avenue, South Attleboro, Massachusetts, which struck Plaintiff a patron, causing Plaintiff to suffer irreparable injuries, medical and related costs from July 18, 1997 through present in excess of $35,000.00, with estimated life long medical and related costs in excess of $173,000.00.

7. On January 28, 2002, Plaintiff amended the complaint adding COUNT III, Deceptive Acts and Practices, joined G.A.B. Robbins, et als as defendants, Articulated his

Damages at $703,643.13, and the original defendants made no opposition.

8. From November 17, 1997 through April 3, 2002, defendants conducted discovery, being a phone interview of Plaintiff by G.A.B. Robbins, et als, interrogatories, deposition of Plaintiff by Defendant Sadowskis' office, acquiring Plaintiffs' incident report, defendants incident reports, statements of defendants employees, that of Mr. Minta, also production of documents, including 30 years of past and current medical records of Plaintiff, three Independent Medical Exams, "I.M.E" by defendants alleged experts in the field of injuries sustained by Plaintiff. One I.M.E. report has been denied Plaintiff, one I.M.E. claims no knowledge of defendants or Plaintiff, one I.M.E. exam was canceled by defendants after Plaintiff challenged the IME qualifications. Defendants discovery found no basis for judgement or dismissal in their favor and they did not file for same.

9. On August 31, 1999, Plaintiff submitted interrogatories and production of documents request on defendant Home Depot, USA, Inc.. On December 10, 1999 defendant answered same, signed under pains & penalties of perjury by Home Depot paralegal Lori Woods, under control and approval of defendants Nardelli & Sadowski, and also signed by defendant Sadowski. Plaintiffs interrogatory number 9, asked, "Please state what action if any was taken by defendant as a result of plaintiffs' accident and if any action was taken with respect to said accident, please state with particularity the reason(s) why such action was taken. The answer to this interrogatory should include, but is not limited to, any formal or informal actions taken against the defendant's employee(s) as a result of said accident". Defendants answered "None". Plaintiffs production request number 4, asked [in brief] "Copies of any and all written statements, signed or unsigned,

(3)

of the defendant, its agents, employees and/or servants". Defendants answered "None".

10. On July 27, 2001, Plaintiff deposed Minta, asking him, [emphasis added] "by the time you had completed your written version of the events for the Gianopoulos episode" had you been contacted by any lawyers?..."I'd have to say no"...Was your license taken away after the Gianopoulos episode?..."yes"...[Plaintiff showed Mr. Minta], an item dated July 23, 1997, it's entitled General Liability Loss Notice Form...have you ever seen this piece of paper before?..."no"...Can you tell me about the action notice statement prepared after this event. Do you know when it was prepared?..."no"...What items are contained in that action notice. Can you tell me?..."Statement"...Your statement? ..."yes"...The one we already discussed?..."no, no its not a different statement"....Were you notified the company was taking some form of disciplinary action against you as a result of this episode?..."18th."...July 18th?...."yes"...1997?..."yes"...Were you informed verbally or in writing?..."writing"...What did the writing say?...."suspension of license"...Are you on any medication?...."yes, Adderall"....What is it for?... "ADHD"...When were you first diagnosed?..."1995"...Were you on that medication in 1997?..."I was on Ritalin and Prozac"...Did the company know you were on medication in 1997?..."yes".. How did they know that?... "I told them".

11. Defendants knew Mr. Minta had a prior forklift incident and sanctions, was medicated on July 15, 1997, posed a risk to patrons, that several written incident statements and reports existed, including one from Mr. Minta which was identified in 1997 to Plaintiff as Mintas' incident statement. During Mintas' deposition, defense counsel [Atty. Keenan] stated he just received via FAX that morning July 21, 2001, an incident

statement, being the above referenced General Liability Loss Notice Form dated July 27, 1997, which defendants denied existed in their December 10, 1999 answers to production requests, notwithstanding several incident statements , as well as their denial of sanctions on Minta for the 1997 incident in their December 10, 1999 answers to interrogatories.

12.     Commencing January 28, 2002 through June 16, 2003 Plaintiff filed several notices of impropriety of the defendants and their counsels as stated herein with defendants and the courts. On or about April 17, 2002, Plaintiff issued written notice of the improprieties to Defendants Nardelli, Home Depot corporate counsel and Sadowski for their deceptive acts and practices, their two false certificates of service dated July 14, 2000, and December 7, 2001, respectively, obtaining medical records by false pretenses and misrepresentations on July 12, 2000, misrepresenting qualifications of their Independent Medical Examiners on December 7, 2001, Perjury and Mail Fraud in their answers to discovery requests, Obstruction of the legal process, Civil and Due Process Rights violations, and several supplemental discovery motions. No remedial action was taken by defendants. Defendant Nardelli an active principle, participated in the acts of his subordinates, exercised his authority and control over all defendants/subordinates whose acts were for Nardellis' and other listed defendants benefit, giving continued license to defendants ongoing schemes.

13.     Commencing January 28, 2002 through June 16, 2003  Plaintiffs' claims and allegations articulated above and in Counts I through V are undisputed. No state or federal agency or court adjudicated or issued any disposition on these or other claims. Defendants, properly served, represented by counsel[s] in Massachusetts and Georgia, refused to oppose, deny, nor contest factual claims, allegations, exhibits, evidence, documents, well