```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PETER A. GIANOPOULOS, JR.,  )
          Plaintiff,        )
                            )
     v.                     )  C.A. No. 03-12647-DPW
                            )
BERNARD "BERNIE"            )
MARCUS, et al.,             )
          Defendants.       )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff is advised that this action is subject to dismissal unless plaintiff demonstrates good cause why his complaint should not be dismissed.

BACKGROUND

On December 29, 2003, plaintiff Peter A. Gianopoulos, Jr. filed an application to proceed without prepayment of fees, a motion for appointment of counsel and a civil complaint ("Compl."). See Docket. Plaintiff's motion for appointment of counsel was denied without prejudice on March 4, 2004. See Docket No. 3. By Order dated March 4, 2004, plaintiff's application was granted and the complaint was returned for preliminary screening pursuant to 28 U.S.C. § 1915(e). See Docket No. 4.

Plaintiff, a resident of North Attleboro, brings this action for monetary damages against defendant Home Depot U.S.A. ("Home Depot"); five current and former officers for

Home Depot;¹ G.A.B. Robbins and several of its subsidiaries ("GAB Robbins");² and Richard Sadowski, a Massachusetts attorney.  See Compl., pp. 1 - 2.

Plaintiff's complaint consists primarily of a recounting of events surrounding plaintiff's personal injury litigation against Home Depot in Massachusetts state court.  See Compl., generally.  Plaintiff alleges that in 1997, while shopping at Home Depot in South Attleboro, Massachusetts, plaintiff was injured when he was struck by a forklift operated by a Home Depot employee.  Id. at ¶ 6.  Plaintiff alleges he subsequently filed suit in the Taunton Superior Court and the instant complaint details several improprieties that allegedly occurred during the course of the state court litigation.  Id. at ¶¶ 7 -13.

Plaintiff invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and also asserts several federal claims pursuant to 18 U.S.C. §§ 241, 242; 18 U.S.C. §§ 1341, 1343; 18 U.S.C. § 1621; 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986, 1988.  Id. at ¶¶ 2, 17 - 19.

---

¹Bernard Marcus, Arthur Blank, Kenneth Langone, Patrick Farrah and Robert Nardelli.

²G.A.B. Robbins, a/k/a/ G.A.B. Robbins Home Depot Risk Management Department, G.A.B. Robbins G.L. Unit; G.A.B. Robbins, Inc.; and G.A.B. Robbins North American, Inc.

## REVIEW

Because plaintiff filed this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees, at any time, if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## DISCUSSION

I.  Subject Matter Jurisdiction

In order for this Court to review plaintiff's claims, it must either have diversity or federal question subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question

jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction). Although subject matter jurisdiction in this case is asserted under both statutes, as explained below, infra., ¶¶ II - VII, this Court lacks subject matter jurisdiction over plaintiff's claims.

II.  The Rooker-Feldman Doctrine

As an initial matter, to the extent plaintiff seeks to have this court review the actions, or inactions, of the Massachusetts state courts, federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts).  It appears from plaintiff's complaint that he seeks to assert claims he may have already presented to the Massachusetts state courts.  This Court may not entertain claims which have already been litigated and may not review the civil judgments of state courts.  See Hill v. Town of Conway,  193 F.3d 33, 39 (1st Cir. 1999).

III.    Plaintiff's Claims Under 18 U.S.C. §§ 241, 242

Plaintiff seeks to assert claims based on two federal criminal statutes relating conspiracy to violate civil rights.

See 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law). As matter of law, no such private civil right of action exists under these statutes. See Cox v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242). Thus, plaintiff's claims under 18 U.S.C. §§ 241, 242 are subject to dismissal.

    IV.  Plaintiff's Claims Under 18 U.S.C. §§ 1341, 1343

Plaintiff seeks to assert claims based on two federal criminal statutes relating to mail and wire fraud. See 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud). As matter of law, no such private civil right of action exists under these statutes. Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178-79 (6th Cir. 1979) (§ 1341). Thus, plaintiff's claims under 18 U.S.C. §§ 1341, 1343 are subject to dismissal.

    V.  Plaintiff's Claims Under 18 U.S.C. § 1621

Plaintiff seeks to assert claims based on a federal criminal statute relating to perjury. See 18 U.S.C. § 1621 (perjury generally). As matter of law, no such private civil right of action exists under this statute. See LaBoy v. Zuley, 747 F. Supp. 1284, 1289 (N.D. Ill. 1990)(holding that § 1621 does not provide for a private cause of action). Thus,

plaintiff's claims under 18 U.S.C. § 1621 are subject to dismissal.

   VI.   The Civil Rights Act Claims

   A.   Plaintiff's Claims Under Section 1983

A constitutionally cognizable claim under 42 U.S.C. § 1983 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Because Section 1983 only creates liability for state actors, plaintiff's claims against the defendants are subject to dismissal. Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000) (stating that section 1983 does not provide relief against most private individuals because of the requirement that a deprivation be caused by a person acting under "color of state law").  Plaintiff has failed to sufficiently allege facts demonstrating that the defendants should be considered state actors.  Alexis v. McDonald's Restaurants of Mass., Inc., 67 F3d 341, 351 (1st Cir. 1995) (discussing state action requirement).  Thus, plaintiff's claims under 42 U.S.C. § 1983 are subject to dismissal.

   B.   Plaintiff's Claims Under Section 1985

Section 1985 of title 42 concerns conspiracies to violate civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971)).

Because plaintiff has failed to allege facts that indicate that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice or that the defendants were motivated by any class-based, invidiously discriminatory animus, plaintiff's claims under Section 1985 are subject to dismissal.  <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001); <u>see</u> <u>Romero-Barcelo v. Hernandez Agosto,</u> 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); <u>accord</u> <u>Slotnick v. Staviskey</u>, 560 F.2d 31, 33 (1st Cir. 1977).  Thus, plaintiff's claims under 42 U.S.C. §

1985 are subject to dismissal.

    C.   <u>Plaintiff's Claims Under Section 1986</u>

A complaint filed under 42 U.S.C. § 1986 must establish a violation of Section 1985, and claims which fail to do so must be dismissed. <u>Canney v. City of Chelsea</u>, 925 F. Supp. 58, 68 (D. Mass. 1996). Because plaintiff failed to state a claim for violation of Section 1985, plaintiff's claim under Section 1986 is subject to dismissal.

    D.   <u>Plaintiff's Claims Under Section 1988</u>

Plaintiff also seeks relief pursuant to 42 U.S.C. § 1988. Section 1988(a) provides that the district courts shall exercise their jurisdiction over civil right cases in conformity with federal law where appropriate or state law. Section 1988(b) provides for the award of attorney fees in cases brought to prevailing plaintiffs in civil rights proceedings. This section, however, does not provide an independent cause of action. See <u>Moor v. Alameda County</u>, 411 U.S. 693, 702-06, 93 S.Ct. 1785, 36 L.Ed.2d 596, reh'g denied, 412 U.S. 963, 93 S.Ct. 2999, 37 L.Ed.2d 1012 (1973). Thus, plaintiff's claims under 42 U.S.C. § 1988 are subject to dismissal.

    VII.   <u>Diversity Jurisdiction</u>

Although plaintiff invokes this Court's diversity

jurisdiction, the diversity statute requires "complete diversity" of the parties and an amount in controversy in excess of $75,000.00.  See 28 U.S.C. § 1332.  It is readily apparent from the complaint that plaintiff and at least one defendant, Richard Sadowski, are citizens of Massachusetts. Therefore, complete diversity does not exist.  See 28 U.S.C. § 1332(a); see also Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (following the complete diversity rule first enunciated by the Supreme Court in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)); Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995) (same).

    VIII.    Plaintiff's State Law Claims

Because this action is subject to dismissal for the reasons stated above, supra., ¶¶ I - VII, grounds no longer exist for federal subject matter jurisdiction over plaintiff's state law claims.  Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); see Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 104 (1st Cir. 2004) (citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early

9

stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Here, the Court will decline to exercise pendent jurisdiction over plaintiff's state law claims.

CONCLUSION

Based upon the foregoing, plaintiff's complaint is subject to dismissal and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) without further notice after thirty-five (35) days from the date of this Memorandum and Order, unless before that time plaintiff shows good cause, in writing, why his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 24th day of August, 2004.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE