UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER A. GIANOPOULOS, JR. *
Plaintiff *
                              *
V                             *    D.C.C.A NO. 1:03-CV-12647DPW
                              *
BERNARD MARCUS, et als        *
Defendants                    *

PLAINTIFFS MOTION FOR RECONSIDERATION, REVISION AND
AMENDMENT TO THE COURTS RULING OF AUGUST 24, 2004 DENYING
PLAINTIFF LEAVE,

Now comes the Plaintiff in the above entitled action, moving this Court Reconsider, Revise and Amend its Ruling Of August 24, 2004 DENYING Plaintiffs motion for leave to issue notice of lawsuit and request for waiver of summons, and service of summons on Defendants. As grounds and in support of same, Plaintiff states;

1.      Plaintiff giving the August 24, 2004 Ruling of the Court the close and unbiased sympathetic reading and review it richly deserves, contends, "there is nothing in the statutes cited in Plaintiffs' Complaint, and referenced by this court, that precludes Plaintiff from bringing a cause of action or deny him right to sue for redress in the federal court". Copies of "some" of the statutes attached as Exhibit 1. Plaintiff further submits copy marked Exhibit 2, of "civil rights: an overview". As demonstrated by these exhibits, there is no basis for this Courts' ascertion Plaintiffs' Complaint is frivolous and malicious under ss1915(e)(2)

2.      The court has listed several case citation in support of its memorandum, and cited

(1)

28 U.S.C. ss1915(e)(2). Because the courts Memorandum of law is flawed in its argument and legal theory,(s), based solely on 28 U.S.C. ss1915(e)(2), "nowhere" in the statute does the restriction, or exemptions the court alludes to appear. To the courts case citations, citations are not "Statutes", nor applicable here, as each case turns on its own unique set of facts and circumstances. (unpublished case, fed. dist.ct. Bos.) For the Courts' case citations to be controlling the statutes must be subordinate to the case citations, the judges and juries of those case citations must be the same reviewing the instant Complaint, they are not. Although certain phrases in a case cite apply to all cases, regardless of species, or class of case, a case cite is specific only to that case. Statutes, such as those in Exhibit 1, are public laws, denoted as such for use by the citizen, employed by them to control conduct between the citizen and government, i.e., constitutional law, criminal law, administrative law, as taken together. Statutes provided in Exhibit 1, and cited in the Complaint are positive legislative enactment's giving the full force of law. Case citations carry no such statutory power.

3.      The court claims because Plaintiff is indigent, he is held to a different standard under ss1915(e)(2), which would make Plaintiff a member of a class. The Civil Rights statutes do not apply only to a class, or based on racial considerations, nor do the statutes exclude Plaintiff because of his financial status. ss1915 has its beneficial aspects, however, the court is painting to broad an interpretation of the statutes intent.

4.      The court claims Plaintiff must be a prosecutor to bring these civil rights actions. Again, the statutes exhibit no prohibition against who may bring a civil rights action. As to criminal context of the allegations as the court states, were they violations of

state and federal law by defendants and an officer of the court, "absolutely", however, as noted in the Complaint, no court, including this court sought to implement remedial action, or referral for prosecution by the respective attorneys general. Contrary to this courts position Plaintiff cannot press criminal action, the Massachusetts Supreme Judicial, and its appellate Courts, (citations omitted) hold any citizen, including this Plaintiff has right to press both criminal and civil aspects of a case, i.e. Defendants conduct, which minimally constitute white collar crime. Plaintiff is exercising right to redress under title of a *qua* tort for civil rights violations. This Court has jurisdiction in this action. For example, under 1985(2) obstruction in the state court was motivated by intent to deny not only due process, but equal protection.(citation omitted. Time is premature for this Court to rule on this, as well as other law questions presented.

5. The court claims allegations in Plaintiffs' Complaint were adjudicated in state court. Plaintiff clearly stated, Comp., pg.5-13, "no state or federal court or agency adjudicated or issued any disposition on these or other claims. [I]f the court has any evidence to the contrary, Plaintiff should be given knowledge and access to same for rebuttal. The court has not provided any such evidence. Plaintiff expand his Complaints BRIEF, further stating, he is due uncontested Default and Declaratory Judgement in all the state courts against the original Defendants as a matter of law. Plaintiff Demanded same to no avail, with no reply although the state court had concurrent jurisdiction in civil rights actions and 28 U.S.C. ss1343. (cite omitted)

6. The court claims there is no pure diversity because Defendant Sadowski is a resident of Massachusetts, therefore the case must be dismissed. This court has ancillary

jurisdiction over Sadowski. Citing: Wright-Miller, "jurisdiction over a nondiverse party, that party must be at least subject to compulsory joinder but may not be considered indispensable". Because Sadowski is named in the original Complaint as aid to other actors, Comp. pg. 7-19 to pg.8. The court cannot adjudicate the rights of all parties in the controversy, do complete and final justice in equity and good conscience without effecting their rights without Sadowski.(citation omitted) This court has ancillary jurisdiction over Sadowski whose joinder, or intervention will not defeat jurisdiction regardless of their citizenship. (citations omitted) Moreover, the court will note, in its Docket Sheet, Defendant Sadowski, as well as defendant G.A.B. Robbins, et als, do not appear, but appear in the courts ORDER OF SCREENING. Plaintiff is unable to determine if this is clerical error, Rule 60, or whether the court sau sponte dismissed Sadowski, which would cure any defect the court alleges relative to diversity. Jurisdiction is had in a substantive nature only when a cause of action exists, (cite omitted) that cause of action must be a violation of law. The court has not demonstrated no violation exists.

7. Although there are several additional matters which would fall within the ambient of F.R.Civ.P. Rule 60, for example, see #6 above. Moreover, the court claims Defendant G.A.B. Robbins et als, is a subsidiary of Defendant Home Depot. There is no evidence to support this contention. And that Plaintiff makes no jury Demand, while his Complaint specifically requests same. Plaintiff need not reach further to the totality of the errors, misconceptions and misunderstandings of the court at this time, reserving right to supplement these presents at a later date.

8. In conclusion, primarily for the aforestated reasons, the People, through its

courts do not reward Defendants for their violations of law. (citation omitted) Denying Plaintiff motion is prejudicial to Plaintiff, gives license to defendants law violations. which the People never intended.

9.    There is **"no legal foundation"**, upon which a neutral fact finder could, or would craft a decision such as this courts denying Plaintiffs Complaint, or Motion in view of the severity and nature of Defendants actions and Plaintiffs' claims. Moreover, the neutral fact finder would exercise his judicial discretion, not so much for Plaintiffs benefit, but for the integrity of the court in view of the law violations the court recognized.

10.    There is **"no legal basis"** for denial of Plaintiffs' Complaint, nor his motion, and the Court has not demonstrated any.

WHEREFORE, Plaintiff respectfully moves this Honorable Court Reconsider, Amend and Revise its ruling of August 24, 2004, and give Plaintiff leave to issues summons upon Defendants.

DATED:  September 18 2004

                                                        Respectfully submitted by,

                                                        /s/ Peter A. Gianopoulos
                                                        Peter A. Gianopoulos, Jr., Pro-Se
                                                        P.O. Box 3754
                                                        South Attleboro, MA  02703
                                                        508-643-9345

(5)

EXHIBIT 1

 **LII**    US CODE COLLECTION    

TITLE 42 > CHAPTER 21 > SUBCHAPTER I > **Sec. 1983.**    Prev | Next

### Sec. 1983. - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia

*Search this title:*

Search Title 42

Notes
Updates
Parallel authorities (CFR)
Topical references

Prev | Next

    

or denial, withholding, termination, or suspension of
:nt contract subsequent to acceptance by Government.
iffirmative action plan of employer; time of accep-
)lan.

—REGISTRATION AND VOTING STATISTICS
npilation of registration and voting statistics; geo-
as; scope; application of census provisions; volun-
re: advising of right not to furnish information.

VIII—COMMUNITY RELATIONS SERVICE
it of Service; Director of Service: appointment,
onnel.
 Service.
with other agencies; conciliation assistance in confi-
 without publicity; information as confidential; re-
n performance of investigative or prosecuting func-
itions and penalties.
ongress.

:R IX—MISCELLANEOUS PROVISIONS
ntempt proceedings: trial by jury, criminal practice,
exceptions, intent; civil contempt proceedings.
irdy; specific crimes and criminal contempts.
 by Attorney General; denial of equal protection on
 race, color, religion, sex or national origin.
 of provisions not to affect authority of Attorney
:c., to institute or intervene in actions or proceedings.
 of provisions not to exclude operation of State laws
 invalidate consistent State laws.
n of appropriations.
of provisions.

---

**)MPUTER ASSISTED LEGAL RESEARCH**

:s your legal research in many ways.    WESTLAW

with the most current information

vith additional resources

, precedential history and parallel citations with the

n using WESTLAW to supplement your research, see
nic Research Guide, which follows the Explanation.

---

SUBCHAPTER I—GENERALLY

Sections 1985 to 1996a appear in this Volume

## § 1985. Conspiracy to interfere with civil rights

**(1) Preventing officer from performing duties**

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

**(2) Obstructing justice; intimidating party, witness, or juror**

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**(3) Depriving persons of rights or privileges**

If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully



**US CODE COLLECTION**



search

TITLE 42 > CHAPTER 21 > SUBCHAPTER I > **Sec. 1986.**

Prev | Next

### Sec. 1986. - Action for neglect to prevent

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued

*Search this title:*

Search Title 42

Notes
Updates
Parallel authorities (CFR)
Topical references

Prev | Next

 US CODE COLLECTION 

TITLE 18 > PART I > CHAPTER 13 > **Sec. 241.**

Next

### Sec. 241. - Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured -

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death

*Search this title:*

Search Title 18

Notes
Updates
Parallel authorities (CFR)
Topical references

Next

  

http://www4.law.cornell.edu/uscode/18/241.html                     3/8/04



US CODE COLLECTION



TITLE 18 > PART I > CHAPTER 13 > **Sec. 242.**

Prev | Next

### Sec. 242. - Deprivation of rights under color of law

    Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death

**Search this title:**

Search Title 18

Notes
Updates
Parallel authorities (CFR)
Topical references

Prev | Next





CRIMES Pt.

f slaves from United States

. owner or person having charge of a
ler person with the knowledge or intent th
n any place within the United States to a
as a slave, or carries away from any pla
ch person with the intent that he may be s
: fined not more than $5,000 or imprison
th.

).)

d and Revision Notes

.S.C., omitted and "within" substituted, in view o
353. section 5 of this title defining "Uni
States".
of"
were

oss References

Amend. 13.

s Federal Forms

ary References

## CHAPTER 79—PERJURY

Sec.
1621. Perjury generally.
1622. Subornation of perjury.
1623. False declarations before grand jury or court.

### Historical Note

1970 Amendment. Pub.L. 91–452, Title IV, § 401(b), Oct. 15, 1970, 84 Stat. 933, added item 1623.

### § 1621. Perjury generally

Whoever—

(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;

is guilty of perjury and shall, except as otherwise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.

(June 25, 1948, c. 645, 62 Stat. 773; Oct. 3, 1964, Pub.L. 88–619, § 1, 78 Stat. 995; Oct. 18, 1976, Pub.L. 94–550, § 2, 90 Stat. 2534.)

### Historical and Revision Notes

Reviser's Note. Based on Title 18, U.S.C., 1940 ed., §§ 231, 629 (Mar. 4, 1909, c. 321, § 125, 35 Stat. 1111; June 15, 1917, c. 30, Title XI, § 19, 40 Stat. 230).

Words "except as otherwise expressly provided by law" were inserted to avoid conflict with perjury provisions in other titles where the punishment and application vary.

More than 25 additional provisions are in the code. For construction and application of several such sections, see Behrle v. United States (App.D.C.1938, 100 F.2d 714), United States v. Hammer (D.C.N.Y.1924, 299 F. 1011, affirmed, 6 F.2d 786), Rosenthal v. United States (1918, 248 F. 684, 160 C.C.A.

584), cf. Epstein v. United States (1912, 196 F. 354, 116 C.C.A. 174, certiorari denied 32 S.Ct. 527, 223 U.S. 731, 56 L.Ed. 634).

Mandatory-punishment provisions were rephrased in the alternative.

Minor verbal changes were made.

1976 Amendment. Pub.L. 94–550 divided existing provisions into a single introductory word "Whoever", par. (1), and closing provisions following par. (2), and added par. (2).

1964 Amendment. Pub.L. 88–619 inserted "This section is applicable whether the statement or subscription is made within or without the United States."

EXHIBIT 2



**LII**
legal information institute
about...                      Law

collection home | search | tell me more | donate                    Search

### civil rights: an overview

A civil right is an enforceable right or privilege, which if interfered with by another gives rise to an action for injury. Examples of civil rights are freedom of speech, press, assembly, the right to vote, freedom from involuntary servitude, and the right to equality in public places. Discrimination occurs when the civil rights of an individual are denied or interfered with because of their membership in a particular group or class. Statutes have been enacted to prevent discrimination based on a persons race, sex, religion, age, previous condition of servitude, physical limitation, national origin and in some instances sexual preference.

The most important expansion of civil rights in the United States was the enactment of the Thirteenth and Fourteenth Amendments. The Thirteenth Amendment abolished slavery throughout the United States. See U.S. Const. amend. XIII. In response to the 13th Amendment, various states enacted "black codes" which were intended to limit the civil rights of the newly free slaves. In 1868 the 14th Amendment was passed to counter the "black codes" and ensure that no state "shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States . . . [or] deprive any person of life, liberty, or property without due process of law, [or] deny to any person within its jurisdiction the equal protection of the laws." See U.S. Const. amend. XIV. Congress was also given the power by section five of the Fourteenth Amendment to pass any laws needed for its enforcement. During the "reconstruction era" that followed Congress enacted numerous civil rights statutes. Many of these statutes are still in force today and protect individuals from discrimination and from the deprivation of their civil rights. Section 1981 of Title 42 (Equal Rights Under the Law) protects individuals from discrimination based on race in making and enforcing contracts, participating in lawsuits, and giving evidence. See 42 U.S.C. § 1981. Other statutes, derived from acts of the reconstruction era, that protect against discrimination include: Civil Action For Deprivation of Rights (See 42 U.S.C. § 1983) Conspiracies to Interfere With Civil Rights

### menu of sources

**Federal Material**

*Federal Constitution and Statutes*

- The United States Constitution
- Chapter 21 (Civil Rights) of Title 42 of The United States Code

*Federal Agency Regulations*

- Code of Federal Regulations:
    - 28 C.F.R., Part 42 - Dept. of Justice
    - 29 C.F.R., Chapt. XIV - Equal Employment Opportunity Comm'n
    - 34 C.F.R., Chapt. I - Office for Civil Rights, Dept. of Educ.
    - 45 C.F.R., Chapt. VII - Civil Rights Commission

*Federal Judicial Decisions*

- U.S. Supreme Court:
    - Historic Constitutional Law Decisions
    - Recent Civil Rights Decisions
- U.S. Circuit Courts of Appeals: Recent Decisions on Civil Rights

**State Material**

*State Statutes*

- Search Statutes of State in Question

http://www.law.cornell.edu/topics/civil_rights.html                    8/28/2004